# Commonwealth ex rel. Geisler, Appellant, *v.* Claudy.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Theodore Geisler,* appellant, in propria persona, submitted a brief.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

PER CURIAM, January 20, 1953:

The question presented on this appeal is the order of service of a sentence imposed on relator by the Court of Oyer and Terminer of Allegheny County at No. 38, October Term, 1942, relator having entered a plea of guilty to the bill of indictment.

Relator, on July 1, 1952, presented his petition for writ of habeas corpus to the Court of Common Pleas of Allegheny County. Rule to show cause was granted and answer filed. After hearing, the rule to show cause was discharged, the petition dismissed, and relator remanded to the custody of the Warden of the Western State Penitentiary.

On April 30, 1930, relator was sentenced for armed robbery at Nos. 41, 55, 56, 57, 58, 59, 60, 61, 62, 63, April Term, 1930, to imprisonment in the Western State Penitentiary by the Court of Oyer and Terminer of Allegheny County. On May 10, 1933, at No. 181, May Sessions, 1933, he was sentenced to the Western State Penitentiary for prison escape. He was paroled on July 30, 1941. On October 3, 1942, he was arrested for armed robbery and on October 22, 1942, he entered a plea of guilty on this charge at No. 38, October Term, 1942. On the same day he was sentenced by the Court of Oyer and Terminer of Allegheny County to a term of not less than seven and one-half years nor more than fifteen years in the Western State Penitentiary "effective October 3, 1942." At that time there remained an unserved balance of relator's previous sentences.

On December 16, 1942, relator having been tried and found guilty of armed robbery and receiving stolen goods at No. 4, December Term, 1942, was sentenced

by the Court of Oyer and Terminer of Allegheny County to a term of not less than ten years nor more than twenty years in the Western State Penitentiary to be served consecutively to the sentence at No. 38, October Term, 1942.

It is relator's contention that the sentence imposed at No. 38, October Term, 1942, "effective October 3, 1942," ran concurrently with the balance of the original sentences to be served on the previous commitments. In *Com. ex rel. Kunkle v. Claudy*, 171 Pa. Superior Ct. 557, 561, 91 A. 2d 382, 384, we said: "The designation of the effective date of the sentence imposed for the crime committed while on parole does not mean that such sentence is to be served concurrently with the unexpired portion of his original sentence, that is, the remainder of the term originally imposed; the effective date of such sentence is supplied merely to compensate for the time spent in confinement from the date of arrest in conformity with section 1 of the Act of May 28, 1937, P. L. 1036, 19 PS §894. *Com. ex rel. Harman v. Burke*, 171 Pa. Superior Ct. 547, 91 A. 2d 385." In the same opinion we also said the manner and order of service of such sentence having been provided by law, the intention of the sentencing judge is immaterial.

Order is affirmed.