Commonwealth ex rel. Thomas, Appellant, *v.* Claudy.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Carl Agnew Thomas,* appellant, in propria persona.

*J. L. Solomon,* with him *Richard P. Steward,* District Attorney, for appellee.

PER CURIAM, July 14, 1953:

Relator appeals from an order of the Court of Common Pleas of Beaver County dismissing his petition for writ of habeas corpus. There is no merit in his contentions, and the order of the court below will be affirmed. The reasons relator assigns for a writ of habeas corpus are that the bill of indictment was defective in that it contained charges besides robbery for which he was sentenced, and that there was a noncompliance with the Act of March 10, 1905, P. L. 35, 19 PS §§1293, 1294, 1295, relative to costs. These matters are not presently reviewable on habeas corpus.

Relator's petition sets forth admitted facts which clearly disclose that he committed robbery while armed with an offensive weapon. His sentence was for a term of not less than five years nor more than ten years in the Western State Penitentiary. See Act of June 24, 1939, P. L. 872, §§704, 705, 18 PS §§4704, 4705.

Judge SOHN of the Court of Common Pleas of Beaver County, in his opinion dismissing relator's petition, conclusively said:

"Carl Agnew Thomas is presently confined in the Western State Penitentiary because of a violation of parole and under sentence on a plea of guilty to a charge of robbery committed while petitioner was on parole. At Number 289 March Term, 1952, his petition for a writ of habeas corpus was dismissed. This is another petition for the issuance of a writ of habeas corpus.

"We have examined the petition and conclude that there is no allegation in the petition to support a writ of habeas corpus, or a rule to show cause why a writ of habeas corpus should not issue.

"Petitioner alleges that the indictment is invalid because the charge of robbery and larceny appear in the same indictment. There is no merit in this complaint. He admits that he is guilty of larceny. He avers facts which would support a verdict by a jury of guilty of the charge of robbery. Defendant did not stand trial. He was represented by counsel and entered a plea of guilty. If the facts upon which petitioner relies were accepted as true, there would exist no factual or legal basis to support a writ of habeas corpus."

Order is affirmed.