## Commonwealth ex rel. Thomas, Appellant, *v.* Maroney.

Submitted April 13, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Carl Agnew Thomas,* appellant, in propria persona.

*J. Leonard Solomon,* First Assistant District Attorney, for appellee.

PER CURIAM, July 13, 1954:

Relator has filed repetitious petitions for writs of habeas corpus. In *Com. ex rel. Thomas v. Claudy*, 173 Pa. Superior Ct. 238, 98 A. 2d 260, we affirmed the dismissal of his petition by the Court of Common Pleas of Beaver County. The present appeal is from a similar order by that court. The appeal is without merit, and the order will be affirmed.

On September 26, 1951, relator pleaded guilty to bill of indictment at No. 33, September Term, 1951, in the Court of Oyer and Terminer of Beaver County, charging robbery, larceny, receiving stolen goods, and aggravated assault and battery. He was sentenced to the Western State Penitentiary for a term of not less than five years nor more than ten years to be computed from June 25, 1951, the date of his commitment. At the time of this sentence, relator was on parole from a sentence imposed in 1947 to the same institution.

In his petition for writ of habeas corpus relator alleges that his sentence should be from June 25, 1951, which would make it concurrent with the service of the unexpired portion of the original sentence.

It is of no moment that no reference was made as to whether or not the sentence imposed on September 26, 1951, and the balance of the original sentence from which relator had been paroled were to run consecutively, as the manner and order of service have been provided by law. *Com. ex rel. Little v. Keenan*, 168 Pa. Superior Ct. 125, 128, 78 A. 2d 27.

In *Com. ex rel. Lerner v. Smith*, 151 Pa. Superior Ct. 265, 273, 30 A. 2d 347, 351, we made this applicable statement: "The court in imposing sentence was obliged to compute it from the date of commitment, January 24, 1939. See section 3 of the Act of 1937, 19 PS §896. Upon relator's return to Eastern State Penitentiary on February 8, 1939, he had to serve the

balance (three years, nine months) of his original sentence, which expired on November 8, 1942. Two and one-half years of his sentence on bill No. 995, January Sessions, 1939 (giving credit for the time spent in jail from the date of commitment to the date of his return to the penitentiary) will expire on April 24, 1945." See, also *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 70 A. 2d 663.

"The designation of the effective date of the sentence imposed for the crime committed while on parole does not mean that such sentence is to be served concurrently with the unexpired portion of his original sentence, that is, the remainder of the term originally imposed; the effective date of such sentence is supplied merely to compensate for the time spent in confinement from the date of arrest in conformity with section 1 of the Act of May 28, 1937, P. L. 1036, 19 PS §894. Com. ex rel. Harman v. Burke, 171 Pa. Superior Ct. 547, 91 A. 2d 385": *Com. ex rel. Kunkle v. Claudy,* 171 Pa. Superior Ct. 557, 561, 91 A. 2d 382, 384.

Order is affirmed.