Commonwealth ex rel. Dion, Appellant, *v*. Tees.

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*W. J. Woolston,* for appellant.

*William C. Storb,* District Attorney, for appellee.

OPINION BY ROSS, J., November 16, 1955:

On this appeal from the dismissal of appellant's petition for a writ of habeas corpus we are presented with only two questions: First, whether Dion, appellant, was deprived of "effective" representation by counsel at his criminal trial because of an alleged short notice to proceed to trial; and second, whether in the instant proceeding it was error for President Judge WISSLER below to decide the petition for habeas corpus without having presided at the hearing on it.

On December 8, 1952, appellant and one Louis Biancone were tried for armed robbery, convicted, and sentenced to the Eastern State Penitentiary for a period of from three to six years. Motion for new trial was made on the ground, inter alia, that appellant was not informed of the charges sufficiently in advance to prepare his defense. The motion was refused and sentence imposed and on appeal we upheld the

conviction. 175 Pa. Superior Ct. 6, 102 A. 2d 199, allocatur refused, 175 Pa. Superior Ct. xxv. Speaking through Judge WOODSIDE, we stated at page 8: "If the defendants deemed themselves unprepared to go to trial they should have moved at this point for a continuance—No such request was made and their defense indicates that they were familiar with the nature of the accusations against them." After thus exhausting the appeal in our State courts and a certiorari having been denied by the United States Supreme Court, appellant petitioned the lower court for a writ of habeas corpus which was dismissed because it raised the identical question. A petition for writ of habeas corpus was then presented to the United States District Court (Eastern District) averring again that Dion had been unprepared to go to trial because he had only five minutes conference with his lawyer before the trial began. The District Court deferred action on the petition "pending Dion's presenting to the State Courts the issue of whether or not he had been given effective counsel." Hope springs eternal. Encouraged by this action of the District Court, Dion began anew his proceedings in the Court of Common Pleas and having been denied, took this appeal.

It is our opinion that we previously decided the issue in his appeal after conviction. The fact that Dion has reframed the issue as a denial of effective counsel does not change his basic contention that he did not have sufficient notice of the charges to prepare for trial. No request for continuance was made, no objection interposed at the trial, and when first raised as a ground for new trial, it was disposed of by all of our State Courts, and in effect by the United States Supreme Court in refusing certiorari. How many times do our courts have to pass upon these matters before they become conclusive? Certainly mere rewording of

an issue cannot support a whole new series of proceedings.

However, the lower court went fully into the merits of the case and refused the petition for lack of merit and not on the ground that it was barred by the previous adjudication. In fully reviewing the record we are convinced that there is no merit whatever to Dion's contention that he was deprived of "effective counsel". He and Biancone were indicted on December 11, 1951 for an armed robbery committed on October 12, 1951. On November 30, 1951, a fugitive hearing was held before an alderman. At the time of the indictment, Dion was incarcerated in the Eastern State Penitentiary under a prior sentence. At about this time, they were identified by the victim of the robbery while still in prison. About a year later, on December 8, 1952, Dion and Biancone were brought to trial. They assert here that they knew nothing of the charges until the day of trial. Biancone refused counsel, but Dion had the benefit of court appointed counsel. A short conference was held between Dion and his counsel and with Biancone, after which they proceeded with the trial. The *only* objection made prior to the trial was a motion to quash on the basis that Dion and Biancone could not be identified by the victim. No request for continuance or for more time to confer or prepare was made. Dion sat with his counsel throughout the trial, and as we said in the prior appeal, their defense indicated that they were familiar with the nature of the accusations against them.

In support of the present petition, Dion stresses that his counsel had only five minutes to confer with him before trying the case. A conference was also held during the noon recess. At the hearing on the present petition, Dion's counsel testified that he felt fully prepared to go ahead with the trial after the conference

with Dion and Biancone and after receiving certain facts which were made available to him by the district attorney. Dion does not contend that the district attorney forced him to stand trial at that time. It was a matter decided upon by Dion, his counsel and Biancone, and their decision to proceed at that time is obvious from their lack of a request for a continuance.

Dion instituted these habeas corpus proceedings facing a presumption that the steps leading to his conviction were regular (*Com. ex rel. Spencer v. Ashe*, 364 Pa. 442, 71 A. 2d 799), and that the court properly performed its duty to him regarding his request for counsel, *Bute v. Illinois*, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986. Consequently, he had the burden of establishing any irregularity or unfairness. *Commonwealth ex rel. Popovich v. Claudy*, 170 Pa. Superior Ct. 482, 87 A. 2d 489. Actually, since this was a non-capital case, it was not a matter of right that Dion have counsel. If he had been refused counsel, he would here have the same burden of showing prejudice. We have held, for example, in much more extreme cases, that the factors of youth and inexperience, coupled with a lack of counsel and a serious charge do not per se establish any element of unfairness. *Commonwealth ex rel. Popovich*, supra. Dion had not even these factors in his favor. He stood before the bar an adult, experienced in the ways of the criminal courts through which he had previously passed. His testimony and his questioning of witnesses clearly indicates his familiarity with legal proceedings, and with the nature of the accusations against him. His position is further weakened by the testimony of his own counsel, called and examined by Dion, that he was ready and unprejudiced in proceeding to trial at that time. During the progress of the appeals after trial, Dion specifically wrote to his counsel expressing satisfaction with his handling

of the matters, and even on this appeal, Dion states in his brief that his counsel was "eminent" and that there was no lack of zeal in the conduct of his defense. Nowhere does Dion show any prejudice. The mere allegation of short notice to a defendant and short conference with counsel is not alone self-sustaining to show prejudice; there must be proved a lack of knowledge on the part of counsel of either the facts or the law such as would hinder him in the conduct of the defense. *Commonwealth ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 250, 93 A. 2d 894. No such lack was averred or proved here. The mere fact that Dion, after conviction and futile appeals, feels that his counsel erred in exercising his judgment to proceed at that time is no ground for the grant of the writ of habeas corpus. *Commonwealth ex rel. Comer v. Maroney,* 178 Pa. Superior Ct. 633, 638, 116 A. 2d 301. "Such a contention or accusation is becoming more and more frequent. Losing counsel is ofttimes blamed by succeeding counsel who, with the benefit of hindsight, is convinced that he could have more ably conducted the defense with the result that defendant would have been acquitted. If such contentions were to prevail a new trial would have to be granted in nearly every case where a man was convicted of crime, and there would be no finality to any criminal trial." *Commonwealth ex rel. Garrison v. Burke,* 378 Pa. 344, 350, 106 A. 2d 587, 590. " '. . . it is easy to condemn the exercise of counsel's judgment after the case is lost which would be praised if the case were won. But no lawyer can be expected to do more than exercise a reasonable skill which cannot be fairly judged by the result of the trial alone.' . . . The absence of effective representation must be strictly construed. It must mean representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and correct it. It

must be such that 'the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice.' " *Commonwealth ex rel. Richter v. Burke,* 175 Pa. Superior Ct. 255, 259, 103 A. 2d 293.

Dion was duly convicted by a jury whose verdict withstood his attacks through the appellate courts. After these direct attacks proved futile, he began his series of collateral attacks, raising the identical issues. We feel that the instant proceeding deals with the identical matter previously disposed of in his prior appeal. Despite this however, and notwithstanding the fact that the issue of inadequate notice is not a proper matter for habeas corpus, *Commonwealth ex rel. DeSimone v. Maroney,* 179 Pa. Superior Ct. 300, 303, 116 A. 2d 747, 748, we have discussed the merits so that we might allay any doubts which might have arisen had we summarily dismissed the appeal, and in the perhaps vain hope of averting further proceedings likewise devoid of merit. Dion's proofs here fall far short of that required by our law. His contention of ineffective counsel is not properly raised here, nor is it of any merit.

The unfortunate death of President Judge SCHAEFFER prior to deciding this case is the basis for Dion's second and procedural assertion here. On December 17, 1954, Judge SCHAEFFER presided at the hearing on this petition. The only testimony presented was that of Dion, accomplice Biancone, and Dion's counsel who had represented him at his trial. No testimony was offered by the Commonwealth. Before deciding the case, Judge SCHAEFFER died, and on April 1, 1955, President Judge WISSLER wrote an opinion and entered an order dismissing the petition, and it was from *this order* that the present appeal was taken.

On September 2, 1955—while his appeal was pending in this Court—Dion petitioned the lower court for a rehearing which was refused. The basis of the petition—and the contention here—is that it was error for Judge Wissler to decide the case because he had not heard or seen the witnesses and therefore could not pass on their credibility. *Com. v. Claney,* 113 Pa. Superior Ct. 439, 173 A. 840, which involved a *trial* by judge and *jury* has no applicability to a habeas corpus proceeding. Appellant cites no authority—and we know of none—which would support his contention that credibility of a witness can be determined *only* by a court which hears and sees a witness. Of course, that is an advantage but it is not absolutely essential. We—as an appellate court—often pass upon the credibility of witnesses.

We have thoroughly reviewed this case from all aspects. The appeal on the substantive question of effective counsel on short notice is improperly raised, inadequately proven and devoid of merit, in addition to being barred by our previous adjudication. So, too, his procedural contention that the deciding judge should have heard the witnesses fails not only by having been improperly and untimely raised, but because it too is barren of merit.

Order affirmed.