Commonwealth ex rel. Dion, Appellant, *v.* Martin.

312

Submitted March 4, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles Dion,* appellant, in propria persona.

*Howard R. Berninger,* District Attorney, for appellee.

OPINION BY RHODES, P. J., April 9, 1957:

The relator, Charles J. Dion, appeals from the refusal of his petition for writ of habeas corpus and related motions which were filed for the purpose of clarifying or correcting his sentence upon a conviction in the Court of Oyer and Terminer of Columbia County on a charge of armed robbery.  He was tried and convicted of that crime on May 7, 1952, and on the same day he was sentenced to the Eastern State Penitentiary at Philadelphia, for an indefinite term of not less than five years nor more than fifteen years.  The trial judge directed that the sentence be computed from November 14, 1951, the date on which relator was committed to the county prison to await trial.

The petition for writ of habeas corpus was captioned Commonwealth of Pennsylvania ex rel. Charles J. Dion v. F. G. Martin, Warden, Eastern State Penitentiary, in the Court of Common Pleas of Columbia

County, and filed on July 26, 1956. Subsequent entries were in the Court of Oyer and Terminer of Columbia County. We shall treat the appeal the same as if the pleadings had been properly docketed in the Court of Common Pleas of Columbia County and disposed of therein as they should have been. See Act of May 25, 1951, P. L. 415, §1, 12 PS §1901; *Com. ex rel. Rogers v. Harris,* 180 Pa. Superior Ct. 323, 325, 119 A. 2d 862. The record below shall be transferred to the dockets of the Court of Common Pleas of Columbia County. *Com. ex rel. Thomas v. Superintendent, Philadelphia County Prison,* 372 Pa. 595, 598, 94 A. 2d 732.

At the time of his conviction, relator was on parole from the State Penitentiary at Graterford, and he had approximately four and one-half years remaining to be served under the prior sentence.[1]

Relator's first contention is that the prison authorities deprived him of due process of law when they entered the Columbia County sentence upon their records as commencing after the expiration of the prior sentence; and that the sentences should run concurrently as the sentencing judge, in imposing sentence on May 7, 1952, had designated the computation date of November 14, 1951. Where a convict on parole commits a crime punishable by imprisonment, for which he is convicted and sentenced to imprisonment, it is mandatory that that sentence be served in addition to the previous sentence; and, depending upon whether or not the second sentence is to be served in the institution from which the convict was paroled, it either precedes or follows the service of the prior sen-

---

[1] Subsequent to his conviction in Columbia County, relator was tried and convicted of armed robbery in Lancaster County. See *Com. ex rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 118 A. 2d 756.

tence. Act of June 19, 1911, P. L. 1055, §10, as amended, 61 PS §305; Act of August 24, 1951, P. L. 1401, §5, 61 PS §331.21a. The sentences may not run concurrently; neither the court nor the prison authorities may alter this clear mandate from the Legislature. *Com. ex rel. Westwood v. Gackenbach,* 169 Pa. Superior Ct. 637, 639, 84 A. 2d 380. Relator admits that this is the established law, but asserts that, since the trial judge fixed the subsequent sentence to run from November 14, 1951, the court alone has the power to alter the beginning date of the sentence so that it would commence after the expiration of the prior sentence. In disposing of this contention the lower court stated: ". . . we naturally directed in the Order that the jail sentence imposed should be computed from November 14, 1951, not for the purpose of indicating that the sentence imposed shall run concurrently with a non-served sentence as a parole violator, but for the purpose of giving the defendant the benefit of the almost six months period of time served between November 14, 1951, and May 7, 1952, that he served in the Columbia County Jail." This was in accord with the Act of May 28, 1937, P. L. 1036, §1, 19 PS §894, which provides that a sentence be computed from the date of commitment for the offense for which the sentence is imposed. Relator was a parolee at the time, and the only effect of designating the date of first commitment as the computation date of the last sentence was to fix the credit to be allowed him on the service of that sentence. There is no basis for the argument that the sentence be served concurrently with the unexpired term of the prior sentence. *Com ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 273, 30 A. 2d 347; *Com. ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 553, 91 A. 2d 385; *Com. ex rel. Geisler v. Claudy,* 172 Pa. Superior Ct. 281, 283, 93 A. 2d 873; *Com. ex*

*rel. Thomas v. Maroney,* 175 Pa. Superior Ct. 446, 106
A. 2d 869.

Relator also claims that notwithstanding the pro-
visions of the Act of 1911, as amended, 61 PS §305,
his prior and subsequent sentences run concurrently
because he was sentenced in the second instance to the
Eastern State Penitentiary at Philadelphia, whereas
he was previously on parole from the Eastern State
Penitentiary at Graterford. The Act of 1911, as
amended, 61 PS §305, does not make a distinction
relative to these institutions. It provides only that,
if the subsequent sentence is to be served at an insti-
tution other than the penitentiary from which the con-
vict was paroled, he must serve the second sentence
first and then be transferred to the institution from
which he was previously paroled to serve the remain-
der of the prior sentence. If, however, the subsequent
sentence is "to the penitentiary from which said con-
vict was released on parole, then the service of the
remainder of the said term originally imposed shall
precede the commencement of the term imposed for said
crime." See, also, Act of August 24, 1951, P. L. 1401,
§5, 61 PS §331.21a. In no event did the Legislature
intend that the sentences be served concurrently. See
*Com. ex rel. Stauffer v. Ashe,* 141 Pa. Superior Ct.
407, 408, 15 A. 2d 409. On May 7, 1952, when relator
was sentenced to the Eastern State Penitentiary at
Philadelphia, he was returning to the same institution,
or a branch thereof, from which he had been paroled.[2]
Therefore his sentence by the Court of Oyer and Ter-
miner of Columbia County would not commence until
the expiration of his service of the balance of the prior

---

[2] By the Act of July 29, 1953, P. L. 1433, 71 PS §§831, 832, the
State Penitentiary at Graterford was made a separate institution,
and "the practice of having branch institutions . . . [was]
abolished."

sentence. The prison authorities properly so marked their records.

The order is affirmed.