**UNITED STATES of America ex rel. Charles J. DION**

v.

**William J. BANMILLER, Supt. Eastern State Penitentiary, Philadelphia, Pennsylvania.**

Misc. No. 1933.

United States District Court E. D. Pennsylvania.

March 7, 1958.

Charles J. Dion in pro. per.

LORD, District Judge.

Charles J. Dion, a prisoner at the Eastern State Penitentiary, has secured leave to file a petition for writ of habeas corpus in forma pauperis. The sole basis of his petition is that he has been denied due process and equal protection of the law, contrary to the 14th Amendment of the Constitution of the United States, in connection with the computation or recording of his sentence upon a conviction in the Court of Oyer and Terminer of Columbia County on a charge of armed robbery.

At the outset, it appears that this very same issue was disposed of in detail by

the opinion of Rhodes, P. J., in Commonwealth ex rel. Dion v. Martin, 1957, 183 Pa.Super. 310, 131 A.2d 150, cert. to Supreme Ct. of Pa. denied Dion v. Banmiller, 1957, 355 U.S. 899, 78 S.Ct. 274, 2 L.Ed.2d 195.

It is hardly practicable or necessary to quote the opinion of President Judge Rhodes at length. Since this is doubtless not the last of the matter (in view of relator's remarkable persistence), it may nevertheless be well to give the gist of it, and also to furnish some background as to the various other proceedings which relator has initiated.

At the time the relator was indicted in Columbia County, he was a parolee from the State Penitentiary at Graterford, then a branch of the Eastern State Penitentiary, with about four and a half years remaining to be served on a prior sentence. As the Superior Court stated it (183 Pa.Super. at pages 313–314, 131 A.2d at page 151):

▇ "Relator's first contention is that the prison authorities deprived him of due process of law when they entered the Columbia County sentence upon their records as commencing after the expiration of the prior sentence; and that the sentences should run concurrently as the sentencing judge, in imposing sentence on May 7, 1952, had designated the computation date of November 14, 1951. Where a convict on parole commits a crime punishable by imprisonment, for which he is convicted and sentenced to imprisonment, it is mandatory that the sentence be served in addition to the previous sentence; and, depending upon whether or not the second sentence is to be served in the institution from which the convict was paroled, it either precedes or follows the service of the prior sentence. Act of June 19, 1911, P.L. 1055, § 10, as amended, 61 P.S. § 305; Act of August 24, 1951, P.L. 1401, § 5, 61 P.S. § 331.21a. The sentences may not run concurrently; neither the court nor the prison authorities may alter this clear mandate from the Legislature. Com. ex rel. Westwood v. Gackenbach, 169 Pa.Super. 637, 639, 84 A.2d 380. * * *"

After dealing in detail with the very contentions made here, the Superior Court concluded (183 Pa.Super. at pages 315–316, 131 A.2d at page 152):

"* * * On May 7, 1952, when relator was sentenced to the Eastern State Penitentiary at Philadelphia, he was returning to the same institution, or a branch thereof, from which he had been paroled. Therefore his sentence by the Court of Oyer and Terminer of Columbia County would not commence until the expiration of his service of the balance of the prior sentence. The prison authorities properly so marked their records."

A very similar application concerning this statute was made to the United States District Court for the Middle District of Pennsylvania in 1953 in Kunkle v. Claudy, 112 F.Supp. 593. Judge Follmer wrote:

"* * * This is not an unusual provision. Analogous provisions are found in the Federal law. [citations omitted] No Constitutional right, as the basis for a proceeding in habeas corpus, is involved."

Relator here, however, complains in particular that:

"* * * the prison authorities amended, altered, changed, or revised the operation of said sentence to be computed at the expiration of his unexpired parole * * * [with the result] that he was denied an opportunity to make application for parole at the expiration of the minimum term, which according to the sentence as imposed by the said trial court, expired November 14, 1956."

The Superior Court, as has been shown, squarely decided that the prison authorities were merely following the

mandate of statute in making their entries as to the operation of the sentence. Furthermore, as has been shown, a Federal court in Pennsylvania has already pointed out that the Pennsylvania statute is not subject to constitutional challenge.

■ Even beyond that, however, there is another barrier in relator's path. A petition for habeas corpus, alleging denial of opportunity for parole, surely must show that his release on parole will be shortly impending. Otherwise, his petition is premature. See Commonwealth ex rel. O'Leary v. Ashe, 1944, 156 Pa.Super. 235, 237, 40 A.2d 111. Under that principle, one must bear in mind that subsequent to the Graterford parole and the Columbia County conviction in question, relator was in 1952 convicted in Lancaster County of another armed robbery—this time with an accomplice, one Louis Biancone. See Commonwealth v. Biancone, 1954, 175 Pa. Super. 6, 102 A.2d 199 and Commonwealth ex rel. Dion v. Tees, 1955, 180 Pa. Super. 82, 118 A.2d 756.

■ The last mentioned conviction, which led to a sentence to the Eastern State Penitentiary for a period of from three to six years, negates relator's claim that—had his computation been used—he would have been eligible for parole on November 14, 1956.

It may appear somewhat intrusive to bring up this matter of the Lancaster County conviction. Relator did not call attention to it, and it remained, like the Superior Court opinions, to be discovered by this Court's own research. It is therefore explained that this objection (to the effect that relator's claim is premature) is provoked by some things the Superior Court said—with repetition and emphasis—as to another series of petitions by this same relator:

"* * * How many times do our courts have to pass upon these matters before they become conclusive? Certainly mere rewording of an issue cannot support a whole new series of proceedings." Commonwealth ex rel. Dion v. Tees, 1955, 180 Pa.Super. 82, 85–86, 118 A.2d 756, 757.

For the foregoing ample reasons it is hereby ordered that the petition of the relator, Charles J. Dion, be and the same is hereby denied.