Commonwealth ex rel. Godfrey, Appellant, *v.* Banmiller.

Submitted September 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Eugene Godfrey,* appellant, in propria persona.

*Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 16, 1960:

This appeal is from an order of the court below denying relator's petition for writ of habeas corpus.

Relator was returned on February 13, 1959, to the State Correctional Institution at Philadelphia, formerly the Eastern State Penitentiary, as a convicted parole violator, and entered to serve the unexpired portion of a prior sentence.

On February 27, 1934, relator pleaded guilty to "entering with intent to steal." He was sentenced to a term of not less than four years nor more than eight years in the Eastern State Penitentiary to commence at the expiration of a sentence of three to six years

which he was then serving. Relator commenced serving the four to eight year sentence on February 27, 1937. He was released on parole on July 27, 1941, after serving four years and five months of that sentence.

While on parole relator committed a burglary in Philadelphia, and entered a plea of guilty to the charge. He was returned to the penitentiary as a convicted parole violator and entered to serve the three years and seven months remaining of the four to eight year sentence. The effective date of the recommitment as a convicted parole violator was August 21, 1941. On August 29, 1941, relator was sentenced to serve a term of five to ten years in the Eastern State Penitentiary "to run concurrently with sentence now being served." The sentence then being served was the balance, to wit, three years and seven months, of the four to eight year sentence. The service of the unexpired portion of the original sentence, three years and seven months, was completed on March 21, 1945. On that date relator commenced serving the sentence of five to ten years. On March 21, 1950, after the expiration of the five years of that sentence he was released on parole. While on parole he again committed a crime and was convicted. He was ultimately returned to the institution as a convicted parole violator on February 13, 1959, to serve the five years remaining of the five to ten year sentence. Consequently, relator will have to serve until February 13, 1964, on this sentence unless he is reparoled in the meantime.

The basis of relator's petition for writ of habeas corpus is that the sentence of five to ten years was not made to run concurrently with the balance of the preceding sentence.

Relator further contends that he should be remanded to the trial court for imposition of a correct sen-

tence in accordance with the intention of the judge.

As we said in *Com. ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 554, 91 A. 2d 385, 388, certiorari denied 345 U. S. 953, 73 S. Ct. 870, 97 L. Ed. 1375: "Irrespective of the intent of the sentencing judge, however, the manner and order of service, having been provided by law, cannot be changed by the court." Consequently, relator was properly compelled to serve the unexpired portion of the preceding sentence before starting to serve the sentence imposed for the commission of the crime while on parole. Relator's contention has been previously considered and rejected. See *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. Harman v. Burke,* supra, 171 Pa. Superior Ct. 547, 91 A. 2d 385; *Com. ex rel. Gallagher v. Martin,* 183 Pa. Superior Ct. 540, 132 A. 2d 706; *Com. v. Conrey,* 184 Pa. Superior Ct. 575, 135 A. 2d 810; *Com. ex rel. Haun v. Cavell,* 190 Pa. Superior Ct. 346, 154 A. 2d 257.

We said in *Com ex rel. Haun v. Cavell,* supra, page 352 of 190 Pa. Superior Ct., page 260 of 154 A. 2d that: ". . . both before and since the Act of 1951 . . . there can be no longer any doubt that the prisoner's current sentence and his back time on a prior sentence can not run concurrently."

Order is affirmed.