# Commonwealth v. Kumitis

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Albert Kumitis*, p. p. for defendant.

KREISHER, P. J., May 4, 1961.—On February 16, 1932, the above-captioned defendant was convicted in Luzerne County on charges of robbery, breaking and entering and larceny. On April 18, 1932, he was

sentenced by said court for a period of 25 to 50 years in the Eastern State Penitentiary.

On May 22, 1942, said sentence was commuted to 10 years, 1 month and 1 day minimum to 30 years, 1 month and 1 day maximum. On May 29, 1942, he was paroled from the penitentiary.

On October 25, 1944, while still on parole under the maximum sentence of the Luzerne County Court to 30 years, 1 month and 1 day, defendant was arrested for the crime of robbery in Columbia County and on said date committed to the Columbia County Jail where he remained until December 5, 1944, at which time he was tried before a jury. He was found guilty as charged on December 7, 1944, and thereupon counsel filed motions in arrest of judgment and for new trial.

Upon request of defendant's counsel, no disposition was made of these motions until after the transcription of the notes of testimony was filed.

On April 20, 1945, defendant was returned to the Eastern State Penitentiary as a parole violator with no time lost.

On June 22, 1946, a transcription of the notes of testimony was filed, and thereafter, at the request of various counsel representing defendant, continuances were granted until June 27, 1949, at which time the court, on its own motion, appointed counsel for defendant so that the motions might be disposed of. The court was then informed by defendant that he did not wish appointed counsel, so the matter was placed on the argument list, and on July 6, 1949, counsel for defendant argued the matter in open court.

On September 9, 1949, this court filed an opinion dismissing defendant's motions and directed that he be brought before the court at the expiration of 90 days, to wit, December 8, 1949, for sentence. Within the said 90-day period, the prisoner filed a petition for writ of habeas corpus in the Supreme Court of Penn-

sylvania, Eastern District, to no. 292, Miscellaneous Docket no. 9, and on December 6, 1949, the Supreme Court of Pennsylvania filed an order discharging the petition for writ of habeas corpus.

On January 3, 1950, defendant was brought from the Eastern State Penitentiary to the Columbia County court, at which time sentence was imposed directing defendant be committed to the Eastern State Penitentiary for an indeterminate period of not less than seven and one-half years and not more than 15 years, said sentence to be computed from October 23, 1944, which date defendant was taken into custody for the crime of which he was convicted on December 7, 1944.

The court thereupon learned of its error in computing the sentence from October 23, 1944, because defendant was at that time a parole violator serving an unexpired sentence, and by reason of the Parole Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, it is provided that any sentence imposed for a crime committed by a defendant while on parole, must be computed from the expiration of the prior sentence. Therefore, on January 9, 1950, the sentence imposed on January 3rd was amended to comply with the above-mentioned Act of Assembly.

Defendant prisoner then appealed to the Superior Court, and the action of the lower court was affirmed in an opinion July 20, 1950, reported in 167 Pa. Superior Ct. 184. Thereafter, the prisoner filed with the court various and sundry petitions for writs of habeas corpus and petitions for writs of error coram nobis which were denied by the court.

On May 13, 1952, defendant filed a petition with the lower court asking that a rule issue to show cause why defendant should not be resentenced so as to make the minimum one year instead of seven and one-half years which would make him eligible for a parole at an earlier date. This petition was supported by affidavits

of Dr. Linn Bowman then Director of Rehabilitation at the Eastern State Penitentiary and Frank G. Martin, then deputy warden at said institution who stated that in their opinion "the defendant is at an age where there still exists a chance of rehabilitation, but that he is old enough to avoid any further criminal activities, and that further detention is likely to result in a deterioration of his personality rendering it unlikely that he can be restored to society in any useful way." There being no objection voiced to the prayer of this petition by the Commonwealth, the court filed an opinion and order on May 28, 1952, granting the prayer of the petition stating in the last paragraph of the opinion that:

"We do not necessarily share the same convictions as that held by the Rehabilitation Officer of the Penitentiary and the Deputy Warden in charge, but that is a matter for the Parole Board and not for this Court, and even if the Parole Board sees fit to grant a parole, the defendant will still be under their supervision and control for many years to come. However, to give this defendant the benefit of every doubt, we make the following order granting the prayer of the petition."

Sometime thereafter, the parole board granted the prisoner's petition for parole, and he secured employment on the outskirts of Camden in the State of New Jersey. However, after a short period of freedom, he was returned to the Eastern State Penitentiary as a parole violator by reason of his New Jersey activities which resulted in some criminal charges being brought against him.

We have received this day in the mail a letter from the said prisoner containing a typewritten manuscript whereon appears the caption of the case and headed "Petition to Vacate an Expired Sentence." In the letter accompanying the said petition, the prisoner hark-

ens back to his contention that the sentence imposed in Columbia County should have run concurrently with the unexpired sentence from which he was paroled in Luzerne County by reason of the fact that the court in its original sentence stated the said sentence should be computed from October 23, 1944. This matter was made a basis for the prisoner's original appeal to the Superior Court, and Judge Woodside, in writing the opinion of the court, very definitely denied defendant's contention beginning on page 192 of the opinion, which we do not deem necessary to quote.

In an effort to silence the prisoner on this contention of his which he has been writing and petitioning for years, we refer him to the case of Commonwealth ex rel. Harman v. Burke, 171 Pa. Superior Ct. 547, wherein it is held that, irrespective of the intent of the sentencing judge, the manner and order prescribed by statute for service of sentence imposed upon a penitentiary parolee for a crime committed during parole, cannot be changed by the court as the provisions are mandatory, and, therefore, where a parolee is sentenced for a crime committed during his parole to a penitentiary from which he was released on parole, he is required to serve the unexpired portion of the original sentence before commencing to serve the sentence imposed for the crime committed while on parole, since the two sentences may not run concurrently.

The acts of assembly governing this question have been very ably and at length set forth, commented upon and explained in the recent case of Commonwealth ex rel. Osborne v. Dressell, 12 D. & C. 2d 421. This opinion reviews the many cases on the subject and cites with approval a Columbia County case which was affirmed by the Superior Court, namely, Commonwealth ex rel. Dion v. Martin, 183 Pa. Superior Ct. 310, 314. In that case, the Superior Court quoted this court with approval wherein we stated:

" 'We naturally directed in the Order that the jail sentence imposed should be computed from November 14, 1951, not for the purpose of indicating that the sentence imposed shall run concurrently with a non-served sentence as a parole violator, but for the purpose of giving the defendant the benefit of the almost six months period of time served between November 14, 1951, and May 7, 1952, that he served in the Columbia County Jail.' This was in accord with the Act of May 28, 1937, P. L. 1036, §1, 19 PS §894, which provides that a sentence be computed from the date of commitment for the offense for which the sentence is imposed. Relator was a parolee at the time, and the only effect of designating the date of first commitment as the computation date of the last sentence was to fix the credit to be allowed him on the service of that sentence."

Likewise, in the Kumitis case, he was committed to the Columbia County Jail on October 23, 1944, and he was not removed to the Eastern State Penitentiary as a parole violator serving the unexpired Luzerne County sentence until April 20, 1945, and notwithstanding the prisoner's contention that this court, when it imposed sentence, intended that it run concurrently with the unexpired sentence to be served as parole violator, we intended only that the prisoner be given credit for the time he served in the Columbia County Jail from October 23, 1944, until April 20, 1945, when he was taken to the Eastern State Penitentiary. Therefore, without further comment, and even though prisoner's so-called petition is not signed or otherwise properly before the court, nor do we find any precedent for the filing of such petitions, we are placing the same in the files, together with the foregoing comment, and enter the following order to said prisoner's letter and enclosed writings.

*Order of Court*

And now, to wit, May 4, 1961, the prayer of the petition to vacate an expired sentence received this date from said prisoner by United States mail is refused and denied.