## Commonwealth ex rel. Jones v. Rundle

*Lawrence Jones*, p. p., plaintiff.
*Frank P. Lawley, Jr.*, Deputy Attorney General, and

*Walter E. Alessandroni,* Attorney General, for defendants.

MILLER, J., September 16, 1963. — A petition for writ of mandamus has been filed by one Lawrence Jones, a prisoner in the Eastern State Correctional Institution at Philadelphia, wherein the warden of that institution and the Pennsylvania Board of Parole have been named as defendants. Petitioner seeks leave to proceed in forma pauperis. Although, as noted by this court previously in numerous similar cases, the pleading, as filed, does not comply with the Pennsylvania Rules of Civil Procedure, we shall treat it as a complaint in mandamus under Pa. R. C. P. 1091, et seq. Defendants, by the Attorney General, have filed a demurrer challenging plaintiff's cause of action, and have also filed a certificate under the official seal of defendant board summarizing the history of plaintiff's case. We may take judicial notice of the facts set forth in this certificate: Commonwealth ex rel. Dean v. Pennsylvania Board of Parole, 80 Dauph. 31 (1962), and we note no substantial discrepancy between these facts and those averred in plaintiff's complaint.

Plaintiff now stands committed as a convicted parole violator, and his complaint prays this court to correct the alleged errors in the recomputation of the expiration date of his maximum sentence by defendant board. After a careful consideration of the matters before us, and the statutory and case law applicable thereto, it is our conclusion that this complaint must be dismissed for the reasons hereinafter discussed.

To summarize the details of plaintiff's lengthy parole history, it appears that he was originally sentenced on a charge of burglary to the Allegheny County Workhouse in November, 1941, for a term of two and one-half to five years. While so confined, and following a fatal assault upon a fellow prisoner, he was convicted of second degree murder and sentenced to

a 10- to 20-year term at the State Correctional Institution at Pittsburgh on January 28, 1943, with the balance of the original burglary sentence to be served upon his release from the murder sentence. At that time, a New York detainer was also lodged charging a parole violation from that State. Upon expiration of the minimum murder sentence, on February 13, 1953, he was paroled to serve the remainder of his burglary sentence at the workhouse, and was released from the latter sentence on July 12, 1956, at which time he commenced serving his parole on the murder sentence. While on parole, he was convicted of a crime in New York, and on February 21, 1957, he was available for return to Pennsylvania as a convicted parole violator. He was recommitted to the penitentiary, and after recomputation by the board, the expiration date of the maximum murder sentence was changed from January 28, 1963 to February 6, 1967. Thereafter, he was again paroled on July 19, 1961, and while on parole, was convicted of petty larceny in New York on February 15, 1963. He now stands recommitted in Pennsylvania as a convicted parole violator, and in accordance with the applicable law, defendant board has again recomputed the maximum expiration date of his murder sentence to be September 2, 1968, and has advised plaintiff that he will not be considered for further parole until February, 1965.

Plaintiff contends that the board erred in not giving credit on his murder sentence for the time which he served in the Allegheny County Workhouse on the burglary sentence subsequent to his initial parole on the murder sentence, and also for failing to credit him with penitentiary time served in New York following his convictions in that State while on parole.

The applicable statute governing the board's action in this case is the Parole Law of 1941, as amended, the Act of August 6, 1941, P. L. 861, 61 PS §331.1, et seq.,

12

and particularly section 21.1(a) of that law, added by the Act of August 24, 1951, P. L. 1401, as amended, 61 PS §331.21a(a), the applicable portion of which is as follows:

"(a) Convicted violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator . . . If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, *and he shall be given no credit for the time at liberty on parole* . . ." (Italics supplied.)

What plaintiff in effect contends is that because he was *not at liberty* on parole from his murder sentence while he was serving the balance of the burglary sentence in the Allegheny County Workhouse, he *should* be given credit for this time toward the service of his sentence, this being the converse of the statutory language, supra, which requires that no credit shall be given for time *at liberty* on parole. Plaintiff evidently is unaware that this issue is not new, and that it has been resolved adversely to him in several prior cases, first by this court in Commonwealth ex rel. Kascak v. Johnston, 68 Dauph. 11 (1955), and a short time later in Money v. Pennsylvania Board of Parole, 68 Dauph. 238 (1955), both times speaking through the late Judge, later President Judge, Neely, and finally by the Superior Court in Commonwealth ex rel. Haun v. Cavell, 190 Pa. Superior Ct. 346 (1959), wherein the Su-

perior Court approved the conclusions reached by Judge Neely in both the Kascak and Money cases.

In Haun, the Superior Court stated, inter alia, that:

"In effect, he [the prisoner] argues that the parole was effective to permit him to start the back time in the workhouse, but was not effective to release him from his penitentiary sentence.

"Under this theory of the law, he would be serving his back time and his assault sentence concurrently. We have said both before and since the Act of 1951 that there can be no longer any doubt that the prisoner's current sentence and his back time on a prior sentence cannot run concurrently . . . [citing cases] 'In no event did the Legislature intend the sentences to be served concurrently, said President Judge Rhodes in Commonwealth ex rel. Dion v. Martin, 183 Pa. Superior Ct. 310, 315, 131 A. 2d 150 (1957). . . .

"What the legislature must have intended by 'at liberty on parole' is not at liberty from *all* confinement but at liberty from confinement *on the particular sentence* for which the convict is being reentered as a parole violator. Any other interpretation would be in conflict with other provisions of the statute, and with the long established policy of the Commonwealth. During the time that a convict may be on parole from a particular offense he might be confined in a Pennsylvania prison on another offense, or in a prison of another state, or in federal prison, or in a mental institution, or in an enemy prison camp during a war. It was not the intent of the legislature to have the words 'at liberty' to mean freedom from confinement under all these and other conceivable circumstances." (pages 352-53).

The only slight factual difference between the Kascak, Money and Haun cases on the one hand, and this case on the other, is that in those cases, the second offense was committed while the prisoner was *on*

*parole* from the first offense at the time the second offense was committed, while here, plaintiff was still serving his first sentence on the burglary charge at the time he committed in prison the crime which gave rise to the subsequent murder sentence. This factual difference is insignificant and has no effect on the legal implication of, nor on the interpretation to be given the applicable provisions of the Parole Law, supra. As pointed out by Judge Neely in the Money case, and Judge Woodside in the Haun case, plaintiff was placed on "constructive" parole from the murder sentence solely for the purpose of returning him to the Allegheny County Workhouse to finish service of the original burglary sentence. His actual parole on the murder sentence did not begin until his subsequent release from the Allegheny County Workhouse. To hold otherwise would mean that he began serving the murder and burglary sentences concurrently when he was returned to the Workhouse to finish the burglary sentence, and there is absolutely no statutory nor case authority for such an arrangement. In fact, it is well established that such sentences cannot be served concurrently: Commonwealth ex rel. Dion v. Martin, supra; Commonwealth ex rel. Haun v. Cavell, supra, at page 355.

Further, plaintiff's contention ignores the fact that any parole is a matter of grace, and that the Parole Board, in its discretion, could have required him to serve the full 20 years of his murder sentence before releasing him to complete the service of his prior burglary sentence. Twenty years was the sentence of the law, modified only by the right of the board to parole him at any time after the expiration of his 10-year minimum: Commonwealth ex rel. Lynch v. Ashe, 320 Pa. 341, 344 (1936) ; Commonwealth ex rel. Davidson v. Maroney, 177 Pa. Superior Ct. 82, 85 (1955). Therefore, we find no abuse of discretion in the re-

computation of plaintiff's sentence by the board whereby no credit was given for time served on the prior burglary sentence subsequent to the "constructive" parole on the murder sentence.

Plaintiff's contention that he is entitled to credit on the murder sentence for time spent in a New York penitentiary under confinement for offenses committed in that State is equally without merit. This issue was specifically raised in Commonwealth ex rel. Magarahan v. Burke, 171 Pa. Superior Ct. 111 (1952), and the Superior Court there held that the parole violator was "entitled to no credit on his maximum sentence for the time he was not a violator by crime while out on parole *or for the years spent in confinement in the Utah Penitentiary*." (Italics supplied.) A contrary holding would be a conclusion that the prior sentence, on the murder charge, could be served concurrently with a subsequent sentence, for the New York offense, and we have already established, and cited authority for the proposition that such sentences cannot run concurrently. See also, Commonwealth ex rel. Godfrey v. Banmiller, 193 Pa. Superior Ct. 344, 347 (1960).

We are satisfied that the discretion exercised by the Parole Board in the recomputation of the maximum expiration date of plaintiff's murder sentence is well within the limits conferred by the Parole Law, supra, and we find no abuse of discretion or anything which would compel this court to interfere with the board's discharge of its responsibilities lawfully delegated by the legislature: Commonwealth ex rel. Magarahan v. Burke, supra; Commonwealth ex rel. Rubin v. Pennsylvania Board of Parole, 76 Dauph. 79 (1960); Commonwealth ex rel. Dean v. Pennsylvania Board of Parole, supra.

Therefore, we enter the following

*Order*

And now, September 16, 1963, the preliminary objection in the nature of a demurrer to the complaint, as filed by defendants, is sustained; the prayer of plaintiff, Lawrence Jones, for the issuance of a writ of mandamus is refused; and judgment is entered for defendants.