391 A.2d 1064

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Terry Lee WALLS, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 6, 1978.

Decided Oct. 5, 1978.

1

2

John M. Cascio, Somerset (Court-appointed), for appellant.

Frederick F. Coffroth, Dist. Atty., Somerset, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On December 3, 1973, following his conviction of aggravated assault and battery, Terry Lee Walls was placed on probation for two years. On September 15, 1975, Walls entered pleas of guilty to burglary, criminal trespass, theft

by deception and receiving stolen goods. As a result of these last convictions, the probation imposed on December 3, 1973, was revoked on October 6, 1975, after a counselled evidentiary hearing.

On October 14, 1975, Walls was sentenced to imprisonment for one to three years on the 1973 aggravated assault conviction. Separate sentences were also imposed on each of the 1975 convictions. These last mentioned sentences aggregating two to five years imprisonment were directed to be served concurrently with each other, but consecutively to the sentence imposed on the 1973 conviction.

Walls filed an appeal in the Superior Court challenging the legality of the sentences, and a divided court affirmed. We granted allocatur.

Walls maintains the trial judge imposed consecutive sentences under a misapprehension of the law and, therefore, abused his discretion. During the sentencing proceeding, the court said this:

"One thing I want to make sure you understand, Mr. Walls, is that according to the law we must sentence you on your old charge first, where the probation was revoked, and then we sentence you on your new charges, and the sentences on the new charges cannot begin until the sentence on the old charge is served. We cannot make them run at the same time—concurrently. That's the law. We couldn't make it otherwise if we wanted to, do you understand that?"

No objection to the order directing that the sentences run consecutively was voiced in the trial court.

The Act of June 19, 1911, P.L. 1055, § 10, 61 P.S. § 305, as amended, has been interpreted to mandate that, where a person released on *parole* is convicted of a crime, the remainder of the sentence imposed for the original crime must be served before the commencement of any sentence imposed on the second crime. See *Commonwealth v. Terry,* 229 Pa.Super. 443, 323 A.2d 82 (1974). However, no statute mandates consecutive sentencing in the case of a *probation* violator.

4

All members of the Superior Court recognized the foregoing, and a majority concluded that, since a consecutive sentence is not mandated in violation of probation cases, it is a matter within the discretion of the trial court to determine if a concurrent or consecutive sentence should be imposed in such instances. Cf. Pa.R.Crim.P. 1406; 18 Pa.C.S.A. §§ 1321(a) and 1371(b). But, the majority then ruled that, since the sentences challenged here were not unlawful *per se*, the issue of the consecutive sentencing had been waived because Walls failed to object in the trial court or to otherwise bring the issue to that court's attention.

The dissenters in the Superior Court urged there is no established procedure for appellate review of a sentence imposed subsequent to a guilty plea unless the challenge is to the legality of the sentence. Cf. *Commonwealth v. Ward*, 442 Pa. 351, 275 A.2d 92 (1970). As a result, Walls' only recourse, they argued, would be to request permission to withdraw the guilty plea and to proceed to trial, which he may not have wanted to do. Because of this limited undesirable option, they urged that Walls should not be denied a review of the sentence on direct appeal, even though it was lawful. Thus, the dissenters would have ruled no waiver occurred and would have remanded the record for resentencing.

Even accepting no established procedure exists for appellate review of a lawful sentence [1], this does not excuse a failure to object to the sentence during the sentencing proceeding. Moreover, even after sentencing, Walls was not limited to requesting permission to withdraw the guilty pleas, but could have filed a petition for reconsideration of the sentences. See Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032 (Supp. 1978–79). Since he did neither, we agree with the ruling in the Superior Court that the issue has been waived.

1. This matter was recently referred to the Procedural Rules Committee for consideration. Cf. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

The instant situation is very similar to that presented in *Commonwealth v. Shoemaker*, 462 Pa. 342, 341 A.2d 111 (1975), where the sentences imposed were challenged because the trial judge, in imposing sentence, allegedly considered an arrest record which did not disclose the disposition of the cases wherein the arrests were made. We refused to reach the issue because:

> "[o]ur review of the record . . . disclose[d] that [the] issue was *not preserved for appellate review by a timely objection in the sentencing court.* . . . See, e. g., *Commonwealth v. Blair*, 460 Pa. 31, 36 n. 3, 331 A.2d 213, 215 n. 3 (1975); *Commonwealth v. Powell*, 459 Pa. 253, 261, 328 A.2d 507, 511 (1974); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974)." [Emphasis added.]

*Commonwealth v. Shoemaker,* supra, 462 Pa. at 343–44, 341 A.2d at 112.

Judgments affirmed.

Nix, J., concurs in the result.

Manderino, J., filed a dissenting opinion.

Roberts, J., would dismiss the appeal believing the petition for allowance of appeal was improvidently granted.

MANDERINO, Justice, dissenting.

I dissent. It is unfair to expect an attorney at the time of sentencing to be a walking encyclopedia of all the laws on the books. The attorney for the appellant was entitled to the opportunity after sentencing to challenge the sentence. The majority contends that the opportunity existed because a Petition for Reconsideration could have been filed. This issue was not raised by the Prosecution in the Superior Court and is not properly before us. We should not act as attorneys for the Prosecution and find new issues unless we do the same for the appellant. See *Commonwealth v. Allsup*, 481 Pa. 313, 392 A.2d 1309 (1978) (Manderino, J. Concurring Opinion).