414 A.2d 1071

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank R. HART, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1979.

Filed Nov. 16, 1979.

Joseph H. Reiter, Philadelphia, for appellant.

Lee M. Kaplan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

PER CURIAM:

Frank R. Hart, appellant, appeals from a judgment of sentence of five to fifteen years imprisonment imposed following a conviction of murder of the third degree in a nonjury trial in the Court of Common Pleas of Philadelphia.

Hart advances three assignments of error in support of his request for a new trial. A brief recount of the evidence presented at trial is necessary. Jessie Hines died as the result of a subdural hematoma caused by a blow or blows to the head. Three individuals, two of whom were minors, testified they witnessed Hart punch Hines five or six times shortly before his death. The defense contended that no beating occurred and that the subdural hematoma which caused death was caused by falls taken by the victim as a result of his "degenerate brain condition after years of alcoholism" and "grand mal seizures . . . attributed to withdrawal from alcohol."

■ Hart's first assignment of error relates to cross-examination by the prosecuting attorney of a defense witness, Hart's mother, who had testified during direct examination that she knew the deceased; that he drank; that he suffered seizures; that he fell when he took seizures; and, that he had been hospitalized as a result. During cross-examination, the following occurred:

"Q. [y]ou're aware that [the victim] did fall and he was injured in the service and a toe was amputated. You know that, don't you?

"[Defense Counsel]: Objection; Your Honor.

"The Court: Objection overruled.

"Q. That was when he was in the service years ago he received an injury and he was getting partial disability from it?

"[Defense Counsel]: Objection.

"The Court: Objection overruled."

Thereafter, the witness explained that the falls she had referred to during direct examination were not related to the injury brought out during cross-examination because the

victim in the falls recounted did not trip, rather he "blanked out." Hart argues that the question misled the trier-of-fact in that no evidence was previously admitted to show such an injury.

First, the witness indicated knowledge of such an injury even if it was not established by previous evidence. Second, the trial judge, as the factfinder, indicated he did not consider this evidence in determining the verdict. Accordingly, as in *Commonwealth v. Hill*, 223 Pa.Super. 42, 43, 296 A.2d 860 (1973), "this is not a case where the testimony relating to improper cross-examination causes a factfinder to be mislead."

Hart's second assignment of error involves redirect examination by the prosecutor of one of the minor eyewitnesses:

"Q.  Shawn, are you afraid of Mr. Hart?

"[Defense Counsel]:  Objection, Your Honor.

"The Court:  Objection overruled.

"Q.  Are you afraid of Mr. Hart?

"A.  In a way.

"Q.  What do you mean in a way?

"[Defense Counsel]:  I thought he said no way.

"The Court:  In a way.

"Q.  What do you mean in a way?

"A.  Well, he was, you know—he had beaten up the family and all of them of Miss—

"[Defense Counsel]:  Objection, Your Honor.

"The Court:  Objection sustained."

Hart argues the testimony was irrelevant and inflammatory.

■   We need not consider the latter testimony of unrelated alleged beatings.  As to this testimony, the objection was sustained and defense counsel requested no further relief from the court.  *Commonwealth v. Hill*, 479 Pa. 346, 388 A.2d 689 (1978); *Commonwealth v. Glenn*, 459 Pa. 545, 330 A.2d 535 (1974).

■   As to the witness's testimony that he feared Hart, while, under the circumstances, it may have been irrelevant

and, hence, inadmissible, we do not believe it warrants the grant of a new trial. First, the trial court indicated it did not consider any of the above challenged testimony in rendering its decision. Second, the allegedly improper reference to fear was an isolated incident. Compare *Commonwealth v. DeCampli*, 243 Pa.Super. 69, 364 A.2d 454 (1976) (systematic and repetitive improper inferences warrant reversal). Third, as our Supreme Court has said, albeit while discussing inflammatory photographs:

> " 'If this had been a trial before a jury, [appellant's] argument would be a more compelling one. However our examination of the record of a trial without a jury differs in certain respects from our examination of a jury trial record. [Citation omitted.] In the case of a trial before a jury, we must be mindful that twelve laymen, unlearned in the technicalities of the rules of evidence, can be easily confused or prejudiced by certain evidence admissible as having value for one purpose but not for another. When the [appellant] waives a jury trial, we have a right to expect a more perceptive and judicious application of the rules of evidence by the trial judge, learned in the law.
> . . . He, unlike a layman, also knows that improperly admitted evidence must be stricken from consideration.' "

*Commonwealth v. Batty*, 482 Pa. 173, 178, 393 A.2d 435, 438 (1978), quoting from *Commonwealth v. Rouse*, 207 Pa.Super. 418, 421–22, 218 A.2d 100, 102 (1966). The trial court indicated it did not consider the evidence, and, hence, what the Supreme Court said in *Commonwealth v. Batty*, supra, applies here. Fourth, given the main issue at trial was whether Hart beat the victim and given three eyewitnesses testified to the beating having occurred, the error, if any, is harmless because it did not contribute to the verdict. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

■ Hart's third assignment of error relates to the competency of the two eyewitnesses who were eleven and thirteen years of age at the time of trial. The competency of these witnesses was explored during direct and by cross-examination. No objection to the witnesses' testimony on the basis

of incompetency was entered at trial, but, in post-verdict motions and in this appeal, Hart argues the witnesses were incompetent in that "a consciousness of the duty to speak the truth" was not shown. Because no objection was entered at trial, the issue is waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Speicher*, 259 Pa.Super. 433, 393 A.2d 904 (1978).

■ Recognizing the presence of a waiver, appellate counsel, who was also trial counsel, argues he was ineffective in not objecting. The Commonwealth responds by asserting that the issue of ineffectiveness is waived under *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), because it was raised for the first time in a brief, rather than in motions, before the post-verdict motion court. Since the post-verdict motion court accepted and considered the ineffectiveness issue, it is properly before us. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979). Furthermore, counsel cannot be expected to argue his own ineffectiveness, and, accordingly, a waiver of this issue could not occur at the post-verdict motion proceedings under the circumstances. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

■ With regard to a claim of ineffectiveness when advanced by counsel who is alleged to have been ineffective, our Supreme Court has said:

"While this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before us, *we will not reject such a claim without a remand for appointment of new counsel.*"

*Commonwealth v. Fox*, 476 Pa. 475, 479, 383 A.2d 199, 201 (1978). [Emphasis added.]

Applying the *Fox* analysis, we cannot say reversible error is apparent in the present record. While *Commonwealth v. Rimmel*, 221 Pa.Super. 84, 289 A.2d 116 (1972), if applied instantly, might reveal reversible error, the criteria there announced to determine if a consciousness of the duty to speak the truth has been established has been severely

criticized and, in effect, abandoned by this court. See *Commonwealth v. Mangello,* 250 Pa.Super. 202, 378 A.2d 897 (1977); *Commonwealth v. Payton,* 258 Pa.Super. 140, 392 A.2d 723 (1978).

Furthermore, applying the more appropriate criteria of *Commonwealth v. Payton,* supra, reversible error is certainly not apparent. The witnesses' responses might indeed establish competency, and, even assuming they do not, the failure to object to the examination of the witnesses may indeed have had a rational basis in that counsel could have concluded further examination would have only emphasized the competency of the witnesses and thereby hindered cross-examination.

In any event, we cannot now make that determination because under *Commonwealth v. Fox,* supra, we are compelled to remand for the appointment of new counsel to represent Hart in advancing the claim of ineffectiveness.

Accordingly, the record is remanded to the trial court for the purpose of conducting a hearing to determine if trial counsel was ineffective in not entering an objection to the competency of the two minor eyewitnesses. New counsel is to be appointed to assist Hart in these proceedings. If the trial court rules Hart was not denied effective trial counsel, Hart may file a new appeal.