419 A.2d 1335

**COMMONWEALTH of Pennsylvania**

v.

**Richard Francis SMITH, a/k/a Francis Richard Smith, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed May 16, 1980.

---

Marilyn C. Fisher, Erie, for appellant.

John E. Moore, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant was convicted of involuntary deviate sexual intercourse, corruption of minors, and indecent assault, and was sentenced to a term of imprisonment of not less than two and a half nor more than five years. On this appeal he alleges 1) that the lower court erred in finding the victim competent to testify; 2) that his trial counsel was ineffective for failing at the voir dire to interrogate and strike a juror who had been previously employed by the prosecuting police officer, and for failing to impeach a Commonwealth witness on the basis of his prior convictions; and 3) that he was improperly sentenced.

■■■ Appellant's first argument is waived because appellant's counsel did not object at trial to the victim's competency to testify.[1] *See Commonwealth v. Hart,* 272 Pa.Super. 189, 414 A.2d 1071 (1979). Appellant's second argument (concerning the effectiveness of his trial counsel) cannot be determined on the present record and we must therefore

---

1. It may be noted that although appellant now alleges that his trial counsel was ineffective in other respects, he does not allege that trial counsel was ineffective for failing to object to the victim's testimony. Hence, we are precluded from reaching the merits of this claim. *E. g., Commonwealth v. Hubbard,* 472 Pa. 359, 372 A.2d 687 (1977).

vacate the judgment of sentence and remand the case for an evidentiary hearing in accordance with *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).[2]  If, following the evidentiary hearing, the lower court concludes that appellant received ineffective assistance of counsel at trial, it shall order a new trial.  If the lower court determines that appellant received effective assistance of trial, however, the court shall *not* reimpose its original judgment of sentence, for the record substantiates appellant's argument that he was improperly sentenced.  The lower court sentenced appellant at a hearing at which appellant was unrepresented by counsel, and although appellant responded affirmatively at the hearing to the court's inquiry whether he was waiving his right to counsel,[3] the court neglected to conduct a colloquy to determine that appellant's waiver was voluntary and intelligent.  *E. g., Commonwealth v. Fowler*, 271 Pa.Super. 138, 412 A.2d 614 (1979);  *Commonwealth v. Hauser*, 265 Pa.Super. 135, 401 A.2d 837 (1979).[4]  In addition, the lower court has failed to state on the record its reasons for the sentence it imposed.  *E. g., Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977);  *Commonwealth v. Riggins*, 474

2.  Appellant's trial counsel, an assistant public defender, withdrew from the case after he filed boilerplate post–verdict motions.  Although appellant's new counsel, George W. Schroeck, Esq., did not file supplemental post–verdict motions, he filed a brief (which is included in the record) in which he argued that trial counsel was ineffective for the reasons cited on this appeal.  The lower court's opinion states that it considered these arguments in rejecting appellant's post–verdict motions, and there is no question that appellant's claims of ineffectiveness are preserved.  *E. g., Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979);  *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).  Unfortunately, in rejecting appellant's ineffectiveness claims, the lower court failed to provide this court with the evidentiary record necessary for us to review the correctness of its decision, hence the necessity for remand.

3.  A defendant's right to effective assistance of counsel at his sentencing hearing is well established.  *E. g., Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969);  *Commonwealth v. Johnson*, 428 Pa. 210, 236 A.2d 805 (1968);  *Commonwealth v. Smith*, 250 Pa.Super. 537, 378 A.2d 1278 (1977).

4.  The Commonwealth concedes on this appeal that appellant was denied his right to counsel at the sentencing hearing and that a new hearing is required.

Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).[5] Consequently, if the lower court finds that a new trial is not required, it shall conduct a new sentencing hearing at which appellant is represented by counsel and proper procedures are followed.

Judgment of sentence is vacated and the case remanded for further proceedings in accordance with this opinion.[6]

5. At the sentencing hearing, the lower court merely stated that it had "gone over the presentence report," and that in sentencing appellant it was considering appellant's history and the testimony at trial. These statements did not discharge the court's duty under the cases just cited.

Furthermore, in the circumstances of this case, appellant's failure to file a petition in the lower court asking for reconsideration of its sentence does not constitute a waiver of his objections on appeal. *See Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978). Appellant was unrepresented at his sentencing hearing, and we cannot presume that he was himself capable of preserving his objections to the sentencing procedure. Also, the court did not advise appellant, as it was required under Pa.R.Crim.P. 1405, of the necessity of filing a petition for reconsideration in order to preserve his appellate rights.

6. Appellant, of course, may file a new appeal if on remand the lower court again rejects his ineffectiveness claims and resentences him. Similarly, if the lower court orders a new trial; the Commonwealth may appeal from the court's order.