J-S33021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARL ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1901 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007838-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARL ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1902 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007836-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARL ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1903 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007837-2017

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 19, 2022**

Appellant Karl Elliott appeals *nunc pro tunc* from the judgment of sentence imposed following his jury trial and multiple convictions for various sexual offenses in the above-captioned cases.  Appellant argues that the trial court erred by failing to evaluate the competency of a minor witness and by denying the jury's request to examine certain exhibits and testimony during deliberations.  Appellant also claims that the verdict is against the weight of the evidence.  We affirm.

We state the facts as set forth by the trial court:

Appellant had been living with the three minor [victims] (E.H., S.E., and C.C) . . . for approximately 4 years at the time of the incident underlying the instant case.  All three [victims] are sisters.

On August 13, 2017 at approximately 10:40 a.m., Officer Adam Matthews responded to a flash of a "rape in progress" at [Appellant's home].  When he arrived, he learned that [Appellant], who was intoxicated, had been attempting to have sex with his eldest daughter, E.H.  However, E.H, had refused [Appellant's] advances multiple times.  [Appellant], in an effort to force E.H.'s compliance, had begun hitting E.H. with an extension cord while she attempted to defend herself.  The cord left visible markings on E.H.'s body.

E.H. informed Officer Matthews that [Appellant] had been sexually abusing her and her sisters (S.E. and C.C) for four years. Accordingly, Matthews arrested [Appellant].   Matthews then escorted E.H., S.E., and C.C. to the Special Victims Unit ("SVU"), where detectives interviewed them.  Later, E.H., S.E., and C.C. were taken to Philadelphia Children's Alliance ("PCA") for a forensic interview with Takeisha Allen, where each child disclosed how [Appellant] had sexually abused them.[fn5]

> [fn5] [Appellant] first sexually abused his eldest daughter, E.H., when she was thirteen years old . . . . Appellant was routinely intoxicated and forced E.H. and two of her other

siblings (separate and apart from the named [victims] in this instant matter) to drink and smoke with him. On several occasions, [Appellant] (intermittently sober or intoxicated) entered E.H.'s room at night and took her clothes off prior to having oral and vaginal sex with her. [Appellant also began sexually abusing S.E. after she went to live with him at the age of ten. [Appellant] repeatedly raped E.H. and S.E. over the course of 4 years, including oral sex, vaginal sex, and sodomy. . . . C.C[.] went to live with [Appellant] at [the] age of eight. [Appellant] attempted to rape C.C. on one occasion, but S.E. intervened and forced [Appellant] off of C.C. [Appellant] forced all three victims to remain quiet and not disclose his actions upon threat of violence. Thus, the three child victims were too scared to seek help from any authority until several years after [Appellant's] sexual abuse had begun. . . .

Trial Ct. Op., 2/8/21, at 4 & n.5 (some footnotes omitted).

At the time of trial, C.C. was twelve years old and a few weeks shy of her thirteenth birthday. N.T. Trial, 8/23/18, at 100. When the Commonwealth called C.C. as a witness, Appellant did not object to her competency to testify. *Id.* at 99-100. Further, the record reflects that the trial court did not *sua sponte* evaluate C.C.'s competency based on her age. *Id.*

Appellant testified in his own defense that he did not abuse any of his children. N.T. Trial, 8/27/18, at 63, 71-72, 98-99, 126-29. Additionally, Appellant stated that in April of 2015, his paramour, N.J., punched E.H. *Id.* at 54-55. After this incident, Appellant filed a police report against N.J. *Id.* at 55-57; Def. Ex. 5. Also, Appellant explained that N.J. threatened to physically harm Appellant's children. N.T. Trial, 8/27/18, at 57-58. As a result of this threat, Appellant obtained a Protection From Abuse (PFA) order against

N.J. on behalf of himself and his children in June of 2015. *Id.* at 58-59, 105-06; Def. Ex. 6.

During deliberations, the jury requested to view several exhibits, including the police report Appellant filed about N.J. and the PFA order against N.J. N.T. Trial, 8/28/18, at 19-21. Appellant argued that the jury should see the PFA order. *Id.* at 19-20. After hearing from the parties, the trial court denied the jury's request to examine these exhibits and stated it would instruct the jury to rely on its recollection of this evidence. *Id.* at 21-23. Appellant did not object to the trial court's decision. *Id.*

After further deliberations, the jury requested to review C.C.'s testimony. *Id.* at 35. The trial court heard argument from counsel and then denied the jury's request. *Id.* at 35-39. Appellant agreed that the testimony should not be read back to the jury and the jury should be instructed to rely on its recollection. *Id.* at 38.

The trial court summarized the ensuing procedural history of this case as follows:

> On August 29, 2018, a jury convicted [Appellant] of the following crimes: rape of child, rape forcible compulsion, [involuntary deviate sexual intercourse (IDSI)], unlawful contact with minor, aggravated indecent assault, [endangering welfare of children

(EWOC)], and corruption of minors.[1,2] On January 17, 2019, the [trial] court sentenced [Appellant] to a total of 37 [to] 74 years [of] incarceration. . . . The [trial] court also sentenced [Appellant] to 5 years of probation on the Aggravated Indecent Assault offense related to docket CP-51-CR-0007837-2017 (to run consecutively to the incarceratory periods imposed relating to his other three consolidated dockets).

On January 24, 2019, [Appellant] filed a motion for new trial, [arguing that the verdict was against the weight of the evidence,] and the [trial] court denied the motion by operation of law on May 23, 2019. On June 17, 2019, [Appellant] filed [three] notice[s] of appeal to the Superior Court[3] . . . . However, on July 14, 2020,[4] the Superior Court dismissed the appeal[s] due to then-appellate counsel's failure to file a brief. In due course, [Appellant] filed a

_____

[1] 18 Pa.C.S. §§ 3121(c), 3121(a)(1), 3123(a)(1), 6318(a)(1), 3125(a)(1), 4304(a)(1), and 6301 (a)(1)(ii), respectively.

[2] Specifically, the jury convicted Appellant of one count each of rape forcible compulsion, aggravated indecent assault, EWOC, corruption of a minor, and IDSI with respect to E.H. The jury also convicted Appellant of one count each of rape of child, aggravated indecent assault, EWOC, corruption of a minor, and unlawful contact with a minor with respect to S.E. With respect to C.C., the jury convicted Appellant of one count each of EWOC and unlawful contact with a minor, and acquitted Appellant of rape forcible compulsion and corruption of a minor. *See* N.T. Trial, 8/29/18, at 14-18.

[3] This Court docketed those appeals at 1733 EDA 2019, 1734 EDA 2019, and 1735 EDA 2019, respectively.

[4] This Court dismissed Appellant's appeals at 1733 EDA 2019 and 1734 EDA 2019 on July 14, 2020. Further, on July 14, 2020, this Court served a copy of an order from a different matter on Appellant's counsel, but the correspondence accompanying that order listed docket number 1735 EDA 2019. This Court then dismissed Appellant's appeal at 1735 EDA 2019 on August 20, 2020. Appellant's counsel filed a response acknowledging receipt of that order and stating that this Court already dismissed the appeals at 1733 EDA 2019, 1734 EDA 2019, and 1735 EDA 2019 on July 14, 2020. *See* Appellant's Resp. to Order, 8/20/20 at 1 (unpaginated).

Post-Conviction Relief Act (PCRA)[5] petition on July 25, 2020[6] requesting that the PCRA court grant him leave to appeal to the Superior Court. The PCRA court granted [Appellant's] petition, finding that his appellate counsel had been ineffective and reinstated his appellate rights *nunc pro tunc* on August 7, 2020.

Trial Ct. Op. at 2-3 (footnote omitted and formatting altered).

Appellant filed a notice of appeal at docket number CP-51-CR-0007838-2017 on September 2, 2020. Subsequently, on September 9, 2020, Appellant filed notices of appeal at docket numbers CP-51-CR-0007836-2017 and CP-

---

[5] 42 Pa.C.S. §§ 9541-9546.

[6] Because Appellant's appeal at 1735 EDA 2019 was still pending on July 25, 2020, Appellant's PCRA petition was premature, and the PCRA court should have dismissed it without prejudice to refile once Appellant's direct appeal rights had been exhausted. **See Commonwealth v. Williams**, 215 A.3d 1019, 1023 (Pa. Super. 2019). Nevertheless, Appellant's counsel believed that this Court dismissed all three appeals on July 14, 2020, based on the correspondence he received from this Court. Because the time period to file a timely PCRA expired on September 21, 2021, we will not penalize Appellant for what may have been a breakdown in operations by this Court. **See, e.g.**, **Commonwealth v. Mojica**, 242 A.3d 949, 953 (Pa. Super. 2020) (concluding that it would be unjust to treat the defendant's premature *pro se* PCRA petition as a legal nullity due to a breakdown in the operation of the court and because the time for defendant to timely file another PCRA had expired), *appeal denied*, 252 A.3d 595 (Pa. 2021). Accordingly, we decline to quash these appeals.

51-CR-0007837-2017, respectively.[7,8]

Appellant subsequently filed statements of matters complained of on appeal at all three trial court docket numbers. The trial court issued an opinion pursuant to Rule 1925(a), which addressed Appellant's claims that the trial court erred in allowing Ms. Allen to testify about the minor victims' ability to be truthful and by not permitting the jury to see some exhibits during deliberations, as well as the weight and sufficiency of the evidence. Trial Ct. Op. at 5-24.

_____

[7] A notice of appeal must be filed within thirty days after the entry of the order from which it is taken. **See** Pa.R.A.P. 903(a); **see also Commonwealth v. Wright**, 846 A.2d 730, 734-35 (Pa. Super. 2004) (explaining that a notice of appeal must be filed within thirty days of an order reinstating appellate rights *nunc pro tunc*). "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (citations omitted); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1).

Here, our review of the records indicates that the clerk of courts did not indicate when Appellant was served with the PCRA court's order or the manner of service. "Thus, we assume the period for taking an appeal was never triggered and the appeal is considered timely." **Jerman**, 762 A.2d at 368 (citation omitted). Therefore, we will construe Appellant's notices of appeal as having been timely filed. **See id.** Further, despite the clerk's failure to note service on the docket, Appellant obviously received notice of the order reinstating his appellate rights *nunc pro tunc* as he filed the instant appeals. Accordingly, we will also "regard as done that which ought to have been done" and address these appeals instead of quashing them as interlocutory. **See Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015).

[8] This Court consolidated all three matters *sua sponte* on December 3, 2020.

Appellant raises the following issues for our review, which we reorder as follows:

1. Did the trial court err, abuse its discretion, and/or make a mistake of law when it accepted the statements by Commonwealth [witnesses] regarding both the complaining witnesses' character for truthfulness and ability to be truthful without further examination or evidence [that] these witnesses possessed competency when the statements were allegedly made to Philadelphia Children Alliance agents?

2. Did the trial court err during jury deliberations in not allowing the jury to examine defense evidence after [that evidence] was specifically requested by the jury but instead requiring [the jury] to rely on [its] recollection, while at the same time allowing [the jury] to review Commonwealth evidence after it was requested by the jury?

3. Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied, Appellant's Post-Sentence Motion arguing the jury's guilty verdict was against the weight of the evidence, as all three complaining witnesses had inconsistent testimony, and provided evidence [Appellant] never had sexual contact with them?

Appellant's Brief at 6-7.

## Competency of C.C.

In his first issue, Appellant argues that the trial court erred by failing to conduct a competency review of C.C. before allowing her to testify because she was less than fourteen years old at the time of trial. Appellant's Brief at 14-17. However, before we reach the merits of this issue, we must determine if Appellant has preserved it for appeal.[9] Further, an appellate court may raise

_____

[9] Additionally, the Commonwealth argues that Appellant waived this claim because he did not object to C.C.'s competence to testify at trial. *(Footnote Continued Next Page)*

- 8 -

the waiver of an issue *sua sponte*. **See, e.g.**, **Commonwealth v. Wholaver**, 903 A.2d 1178, 1184 (Pa. 2006).

It is well settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also Commonwealth v. Bryant**, 855 A.2d 726, 740 (Pa. 2004) (failure to raise contemporaneous objection to evidence at trial waives claim on appeal); **Commonwealth v. Hart**, 414 A.2d 1071, 1074 (Pa. Super. 1979) (*per curiam*) (holding that the defendant waived his claims that two witnesses, a thirteen-year-old and an eleven-year-old, were not competent to testify by failing to object during trial).

Here, Appellant did not raise any objection to C.C.'s competency to testify, either in a pre-trial motion or at trial when the Commonwealth called C.C. as a witness. **See** N.T. Trial, 8/23/18, at 99-100. Therefore, Appellant's claim is waived. **See** Pa.R.A.P. 302(a); **Bryant**, 855 A.2d at 740; **Hart**, 414 A.2d at 1074.

### Exhibits Not Provided to the Jury

In his second issue, Appellant argues that the trial court abused its discretion by denying the jury's requests to review the PFA order, the police report, and C.C.'s testimony during deliberations, and instead instructing the jury to rely on its recollection of the evidence. Appellant's Brief at 20-21.

---

Commonwealth's Brief at 12. The Commonwealth also contends that Appellant waived this claim because he did not clearly state it in his Rule 1925(b) statement. **Id.** at 12 n.1.

Before we reach the merits of Appellant's claim, we must determine if Appellant has preserved it for appeal. *See Commonwealth v. Lawson*, 762 A.2d 753, 758 (Pa. Super. 2000) (holding that the defendant's claims that "the trial court erred in refusing to read back portions of a witness's testimony to the jury, and also to allow jurors to view a document not in evidence" were waived because, *inter alia*, the defendant did not object to the trial court's decisions).

Here, the record indicates that Appellant did not object to any of the trial court's decisions prohibiting the jury from reviewing the exhibits and testimony at issue. *See* N.T. Trial, 8/28/18, at 19-23, 35-39. Therefore, this claim is waived. *See* Pa.R.A.P. 302(a); *Bryant*, 855 A.2d at 740; *Lawson*, 762 A.2d at 758.

**Weight of the Evidence**

In his final claim, Appellant argues that the verdict is against the weight of the evidence. Appellant's Brief at 17-19. In support, Appellant asserts that there were various inconsistencies in the victims' testimony, including differences in their trial testimony and their prior statements made during the PCA interviews. *Id.* at 18-19. Appellant refers to these alleged inconsistencies as "facts" and claims that they were "clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny [Appellant] justice." *Id.* at 18. Therefore, Appellant concludes that the jury's "reliance on this conflicting and inconsistent testimony to impose a verdict of

guilty . . . is so contrary to the evidence as to shock one's sense of justice."

***Id.*** at 19.[10]

This Court has explained:

The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015)

(citations and quotation marks omitted).

We also note that when a weight claim "is predicated on the credibility

of trial testimony, our review of the trial court's decision is extremely limited.

Generally, unless the evidence is so unreliable and/or contradictory as to make

_____

[10] Appellant also argues that E.H. and S.E.'s PCA interviews were inadmissible hearsay that should not have been admitted as substantive evidence. ***See*** Appellant's Brief at 19. However, Appellant did not include this hearsay claim in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief. Therefore, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." **Commonwealth v. Gibbs**, 981 A.2d 274, 282 (Pa. Super. 2009) (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

It is important to reiterate that the fact-finder alone has the right to decide whether witnesses are credible. It is within the province of the jury as fact-finder to resolve all issues of credibility. Even though [Appellant] argues that there is insufficient[11] physical or medical evidence to implicate him, Pennsylvania Courts have long recognized "that the uncorroborated testimony of a sexual assault victim, if believed by the finder of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses." **Commonwealth v. Davis**, 650 A.2d 452, 455 (Pa. Super. 1994). When one considers the thoroughness of the [Victims'] testimonies, the jury's verdict was not "so contrary to the evidence as to shock one's sense of justice."

In summary, the jury had more than sufficient evidence to find [Appellant] guilty of his various sexual offenses. The evidence included: (1) the testimony of E.H.[]; (2) the testimony of S.E.; (3) the testimony of C.C.; (4) the testimony of S.E. and C.C.'s mother [(Mother)]; (5) the testimony of Officer Matthews; (6) PCA video testimony of the victims' forensic videotaped interviews; [(7)] consistency between the victims' accounts to the forensic interviewer and her account to both [Mother] and Officer Matthews about what had transpired; and [(8)] Takeisha Allen's testimony about her forensic interviews with the victims corroborating what they had previously told authorities. In light of this evidence, [Appellant's] convictions should stand.

Trial Ct. Op. at 15 (some citations omitted).

Our review of the record indicates that, other than challenging the credibility of the victims based on alleged "inconsistencies" in their trial

---

[11] The trial court addressed both the weight and the sufficiency of the evidence. **See** Trial Ct. Op. at 9-20.

- 12 -

testimony and prior statements, Appellant did not specify how the witness testimony was so unreliable and/or contradictory that the verdict shocks one's sense of justice or the conscience of the court. As noted by the trial court, the jury was free to assess the credibility of the witnesses and could believe all or part or none of their testimony in rendering its verdict, and we will not disturb that credibility determination on appeal. *See Gonzalez*, 109 A.3d at 723; *see also Gibbs*, 981 A.2d at 282. Therefore, we discern no abuse of discretion by the trial court in denying Appellant's claim. *See Gonzalez*, 109 A.3d at 723. Further, to the extent Appellant invites this Court to re-weigh the evidence presented at trial, that is not the role of our appellate review. *See Gibbs*, 981 A.2d at 282. Accordingly, no relief is due.

For these reasons, Appellant is not entitled to relief on his claims.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2022

- 13 -