J-S40042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRE THOMPSON | : | |
| | : | |
| Appellant | : | No. 3162 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003676-2021

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MAY 17, 2024**

Appellant, Jerre Thompson, appeals from the aggregate judgment of sentence of $11^1/_2$ to 23 months' incarceration plus 3 years' probation imposed by the Court of Common Pleas of Philadelphia County following his bench trial conviction of sexual assault and simple assault.[1]  For the reasons set forth below, we affirm.

This case arises out of Appellant's sexual activity with a woman (Victim) without her consent on February 28, 2021 at Appellant's house.  On March 1, 2021, Appellant was charged with rape, involuntary deviate sexual intercourse, sexual assault, simple assault, and other offenses.  Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3124.1 and 2701, respectively.

waived his right to a jury trial and the charges were tried at a one-day bench trial on April 4, 2022.

At Appellant's trial, Victim testified that she was at a bus stop at 3:00 in the morning on February 28, 2021 with no place to stay for the night and that Appellant's roommate invited her to stay at his and Appellant's house. N.T. Trial at 7-9. Victim went with the roommate and another man to Appellant's house and Appellant let them in. *Id.* at 8-11. Victim testified that Appellant brought out a plate of methamphetamine and propositioned her to go up to his bedroom with him and that she declined, telling him that she was not a prostitute. *Id.* at 11-12. She testified that Appellant kept urging her to go upstairs, that she did later go upstairs, and that Appellant then blocked the door, grabbed her around the throat and told her to take off her clothes or he would kill her. *Id.* at 12-16. Victim testified that Appellant punched her, penetrated her vaginally with his penis twice, and forced her to perform oral sex on him before letting her leave hours later and that she did not consent to have sex with Appellant. *Id.* at 16-22, 29.

Victim testified that when she was able to leave, she went to the hospital and reported the assault and that rape kit swabs were taken at the police special victims unit. N.T. Trial at 23-26. The Commonwealth introduced in evidence Victim's medical records and stipulated testimony of a police officer showing that Victim reported the assault that day and that that rape kit swabs of Victim were collected. *Id.* at 77-80. The Commonwealth and Appellant

stipulated that DNA testing of the rape kit found Appellant's sperm in Victim's cervical swab. *Id.* at 80-83.

Victim admitted that she used heroin and methamphetamine in Appellant's room, and it was stipulated that she had convictions for theft, robbery, and criminal trespass. N.T. Trial at 22, 27, 33-34. During her testimony, the Commonwealth asked Victim why she was testifying against Appellant and Victim testified:

> Because I want to make sure that he goes to jail for what he did. I'm afraid that -- well, first of all, I'm afraid that if he gets out that he's going to kill me.

*Id.* at 28. Appellant objected to this testimony and the trial court overruled the objection on the ground that it was relevant to Victim's state of mind. *Id.* Victim's testimony concerning when she took drugs at Appellant's house differed from some statements in her preliminary hearing testimony and statement to police. *Id.* at 39-41, 43-48. Appellant introduced a stipulation that the mother of Appellant's child, who has known him for 12 years, would testify that Appellant enjoys a good reputation as being a peaceful and non-violent individual and introduced no other evidence. *Id.* at 83.

The trial court found Appellant guilty of sexual assault and simple assault and acquitted him of the other charges. N.T. Trial at 97. On August 8, 2022, the trial court sentenced Appellant to $11^1/_2$ to 23 months' incarceration followed by 3 years' probation for the sexual assault conviction and imposed no further penalty for the simple assault conviction. Sentencing

Order.  Appellant filed a post sentence motion on August 14, 2022, seeking a new trial on the ground that the verdict was against the weight of the evidence, which was denied by the trial court.  This timely appeal followed.

Appellant raises the following two issues in this appeal: (1) whether he is entitled to a new trial because the trial court erred in overruling his objection to Victim's testimony that she was afraid that Appellant would kill her if he gets out of jail; and (2) whether he is entitled to a new trial on the ground that the verdict was against the weight of the evidence.  Neither of these issues merits relief.

Appellant argues that Victim's fear of him at the time of trial and her motive for testifying were irrelevant and that the danger of prejudice from her testimony that she was afraid that Appellant would kill her outweighed any relevance.  The admission of evidence is committed to the sound discretion of the trial court, and this Court may reverse a ruling regarding the admission of evidence only on a showing that the trial court abused its discretion. ***Commonwealth v. Christine***, 125 A.3d 394, 398 (Pa. 2015); ***Commonwealth v. McFadden***, 156 A.3d 299, 309 (Pa. Super. 2017).  An abuse of discretion is not merely an error in judgment, but can be found only where there is an overriding or misapplication of the law or an exercise of judgment that is manifestly unreasonable or the result of bias, prejudice, ill-will, or partiality. ***Commonwealth v. Gill***, 206 A.3d 459, 466-67 (Pa. 2019); ***Christine***, 125 A.3d at 398.  Moreover, even if an abuse of discretion is

shown, an error in the admission of evidence does not constitute reversible error if it did not contribute to the verdict. *McFadden*, 156 A.3d at 309; *Commonwealth v. Konias*, 136 A.3d 1014, 1022 (Pa. Super. 2016).

Victim's testimony that she was testifying because she was afraid that Appellant would kill her had no significant potential to cause unfair prejudice here, as Victim's fear of Appellant was based on his threats and actions during the assault, all of which were relevant and properly admitted, and there was no issue of misidentification in light of the DNA evidence. Even assuming *arguendo* that the admission of the testimony was an abuse discretion, however, it is not reversible error because it plainly did not contribute to the verdict in any way. This was a bench trial, not a jury trial. A trial court acting as the factfinder is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence. *McFadden*, 156 A.3d at 309; *Konias*, 136 A.3d at 1022. In addition, the trial court specifically stated that this testimony had no effect on its verdict. Trial Court Opinion at 3. Where, as here, the trial court was the factfinder and has stated that the evidence at issue did not have any effect on its verdict, any error in admitting that evidence is harmless and does not constitute grounds for reversal. *Commonwealth v. Coon*, 695 A.2d 794, 801 (Pa. Super. 1997) (admission of irrelevant evidence that defendant was intoxicated in nonjury trial not ground for new trial where trial court stated that it did not consider that evidence), *overruled on different issue*, *Commonwealth v. Fedorek*, 946

A.2d 93 (Pa. 2008); **Commonwealth v. Hart**, 414 A.2d 1071, 1073-74 (Pa. Super. 1979) (admission of testimony in nonjury trial that witness was afraid of defendant was not ground for new trial where trial court stated that it did not consider that evidence).

Appellant's second issue likewise fails. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks one's sense of justice. **Konias**, 136 A.3d at 1022; **Commonwealth v. Antidormi**, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. **Commonwealth v. Clemons**, 200 A.3d 441, 463-64 (Pa. 2019); **Konias**, 136 A.3d at 1022.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

**Antidormi**, 84 A.3d at 758 (quoting **Commonwealth v. Clay**, 64 A.3d 1049, (Pa. 2013)) (brackets omitted).

Here, the trial court concluded that its verdict that Appellant was guilty of sexual assault and simple assault did not shock its sense of justice. Trial Court Opinion at 4. That was not an abuse of discretion, as its verdict was

amply supported by Victim's testimony, which it found to be credible, and her testimony was corroborated by the DNA test and her immediate reporting of the assault after she left Appellant's house. N.T. Trial at 13-22, 29, 77-83; Trial Court Opinion at 4.

Appellant argues that the guilty verdict must be held to be against the weight of the evidence because Victim had *crimen falsi* convictions and had made inconsistent statements, because the medical records showed no injuries, and because he had a good reputation for peacefulness. None of these arguments has merit.

Neither the fact that a witness has *crimen falsi* convictions or the fact that there are some inconsistencies between her testimony and prior statements requires a factfinder to find that witness incredible. *Commonwealth v. Dunkins*, 229 A.3d 622, 634 (Pa. Super. 2020), *aff'd*, 263 A.3d 247 (Pa. 2021); *Commonwealth v. Smith*, 181 A.3d 1168, 1187 (Pa. Super. 2018); *In re C.S.*, 63 A.3d 351, 357-58 (Pa. Super. 2013). Indeed, a key witness's *crimen falsi* convictions and inconsistencies do not require a court to find a guilty verdict against the weight of the evidence even where the witness has been convicted of perjury with respect to the subject of his testimony and the witness's testimony is completely contrary to prior sworn testimony. *Dunkins*, 229 A.3d at 634. Here, Victim's *crimen falsi* convictions were unrelated to this case and did not involve false testimony. In addition, the inconsistencies did not relate to the details of the sexual

assault and simple assault themselves, and Victim's testimony on what Appellant did to her was consistent with her prior statements. N.T. Trial at 13-22, 77-79.

Absence of evidence of physical injury to the victim does not require a trial court to reject her credibility or find a sexual assault conviction against the weight of the evidence. *Commonwealth v. Banniger*, 303 A.3d 1085, 1095-96 (Pa. Super. 2023); *Commonwealth v. Gonzalez*, 109 A.3d 711, 720-24 (Pa. Super. 2015). Indeed, the crime of sexual assault requires only proof that the defendant engaged in sexual intercourse or deviate sexual intercourse with the victim without the victim's consent, 18 Pa.C.S. § 3124.1, not that he used any force that would cause injury. Here, the fact that Appellant engaged in sexual intercourse with Victim was corroborated by DNA evidence and the lack of consent was corroborated by her prompt complaint.

Appellant's evidence that he has a reputation for being peaceable and non-violent likewise does not make the verdict contrary to the evidence. While a factfinder may conclude that evidence of good character is sufficient by itself to create a reasonable doubt, *Commonwealth v. Weiss*, 606 A.2d 439, 442 (Pa. 1992); *Commonwealth v. Neely*, 561 A.2d 1, 3 (Pa. 1989), such evidence does not require that the factfinder find a defendant not guilty, and where, as here, there is ample evidence of guilt, a guilty verdict is not against the weight of the evidence, despite the defendant's good character. *Commonwealth v. Fallon*, 275 A.3d 1099, 1107-08 (Pa. Super. 2022);

***Commonwealth v. Brown***, 48 A.3d 426, 432 (Pa. Super. 2012); ***Commonwealth v. Price***, 616 A.2d 681, 685 (Pa. Super. 1992).

For the foregoing reasons, we conclude that neither of Appellant's issues merits relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/17/2024